<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAC HOME LOANS SERVICING L.P., | |
| Plaintiff, | No. 14-7092 (ES-MAH) |
| v. | |
| LISA DARLENE LAWRENCE, | REPORT AND RECOMMENDATION |
| Defendant, Pro Se. | |

I. INTRODUCTION

This matter is before the Court by way of a motion filed by BAC Home Loan Servicing, L.P. ("Plaintiff") to remand this matter to the Superior Court of New Jersey, Chancery Division, Middlesex County (the "Superior Court"). See Pl.'s Mot. to Remand, Dec. 29, 2014, D.E. 3-18.[1] Plaintiff's motion is unopposed.[2] The Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for a Report and Recommendation.

Pursuant to Federal Rule of Civil Procedure 78, and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Undersigned concludes that the Court lacks subject matter jurisdiction over Plaintiff's foreclosure claim.

---

[1] On December 24, 2014, Plaintiff filed a motion to remand, which it incorrectly titled a "Motion to Appoint Lead Plaintiff" on the CM/ECF system. See Pl.'s Mot. to Remand, Dec. 24, 2014, D.E. 2. Five days later, Plaintiff filed a substantially similar motion to remand. Compare D.E. 2 with D.E. 3. Thus, the Court will reference the most recent motion in this Report and Recommendation.

[2] Defendant's opposition was due by January 20, 2015. Apart from the notice of removal, Defendant has filed no other documents with the Court.

1

Accordingly, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to state court.

## II. BACKGROUND

### A. PROCEDURAL HISTORY

On February 11, 2009, Plaintiff filed a mortgage foreclosure complaint against Defendant Pro Se, in the Superior Court (the "Foreclosure Action"). See Cert. of Kelly E. Drohan, Esq. in Opp. to Def.'s Removal ("Drohan Cert."), at Ex. A, Dec. 29, 2014, D.E. 3-8. In the Foreclosure Action, Plaintiff alleged that Defendant defaulted on her $294,000 mortgage. See Compl., at ¶¶ 1-2, D.E. 3-8. Plaintiff served Defendant with the Summons and the Complaint on April 3, 2009. Aff. of Service, Apr. 3, 2009, D.E. 3-4. It appears that Defendant never answered the Complaint. It further appears that on January 27, 2014, the Superior Court entered an amended final judgment, which including principal, interest and other fees, totaled $348,170.71. See Drohan Cert., at ¶ 4; see also Am. Final Judgment, Jan. 27, 2014, D.E. 3-8.

Defendant later moved to vacate the amended final judgment and argued, among other things, that Plaintiff never served her with the Summons or the Complaint. See Def.'s Aff. in Sup. of Mot. for Emergent Relief, Nov. 5, 2014, D.E. 3-12. Nonetheless, the Superior Court denied the motion to vacate and found that "defendant Lisa Lawrence was properly served with all required pleadings and had more than adequate notice of these foreclosure proceedings." See Stmt. of Reasons, at 1, Nov. 6, 2014, D.E. 3-14. The Appellate Division and the New Jersey Supreme Court upheld the Superior Court's ruling. See Order on Emergent Motion, Nov. 7, 2014, D.E. 3-15; see also Single Justice Disposition on App. for Emergent Relief, Nov. 10, 2014, D.E. 3-16. Defendant has since vacated the home, which Plaintiff purchased during a Sheriff sale on June 11, 2014. See Drohan Cert., at ¶¶ 8,17.

**B. ARGUMENTS**

Defendant removed the Foreclosure Action from the Superior Court on November 12, 2014. See Notice of Removal, Nov. 14, 2014, D.E. 1. In her application, Defendant asserts that jurisdiction is proper under "federal question pursuant to 28 U.S.C. §§ 1331, 1441(a), 1441(b) and 1446 [.]" Id. at 1. Defendant also alleges that removal is timely because she "was never served with a copy of said Summons and Complaint" in the Foreclosure Action. Id. at ¶ 1.

Plaintiff argues that remand is necessary because the Court lacks subject matter jurisdiction. See Pl.'s Mot. to Remand, at 7, D.E. 3-18.[3] According to Plaintiff, the Foreclosure Action "does not reference federal statutes or common law [meaning] there is no federal question." See id. Remand is also appropriate because the only remaining issue in the Foreclosure Action is "Defendant's post-judgment eviction," which Defendant cannot remove because it does not present a federal question. See id. at 2, 7.

---

[3] Plaintiff further argues that Defendant untimely removed the Foreclosure Action because she filed her application "over five years" after Plaintiff personally served Defendant with the Summons and the Complaint. See Pl.'s Mot. to Remand, at 5, D.E. 3-18.

Defendants may generally seek removal to state court for jurisdictional defects "at any time." Monaghan v. City of Hackensack, No. 13-4544, 2014 WL 112973, at *4 (D.N.J. Jan. 9, 2014) (citations omitted). Yet a motion to remand filed for procedural reasons "must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). That is, a motion to remand based on procedural defects, such as untimely removal, "is clearly waived if it is not raised within thirty days after the filing of the notice of removal." Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (citations omitted).

Here, the record indicates that Plaintiff served Defendant with the Summons and the Complaint on April 3, 2009. Aff. of Service, Apr. 3, 2009, D.E. 3-4. Defendant untimely removed this case from the Superior Court on November 12, 2014. To be sure, Defendant's removal was untimely. However, so too was Plaintiff's remand application based on Defendant's untimely removal. Plaintiff sought to remand forty-two days later, on December 24, 2014, and thus beyond the thirty-day limit. See Notice of Removal, Nov. 14, 2014, D.E. 1; see also Pl.'s Mot. to Remand, Dec. 24, 2014, D.E. 2. Therefore, Plaintiff has waived the timeliness argument.

3

Defendant did not oppose Plaintiff's motion to remand.

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION

Section 1331 of Title 28 of the United States Code provides federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Courts construe pleadings drafted by pro se litigants to less stringent standards than those drafted by lawyers; however, pro se litigants still bear the "burden of showing that the case is properly before the court at all stages of the litigation." Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 466 (D.N.J. 2012) (internal quotations and citations omitted).

The United States Supreme Court has explained that under the "well-pleaded complaint rule" the face of plaintiff's complaint must indicate federal jurisdiction. Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9–10 (1983)). In other words, a case "arises under" federal law if: (i) the well-pleaded complaint either sets forth claims based on federal law, or (ii) a federal statute "wholly displaces the state-law cause of action" so that the claims "even if pleaded in terms of state law, [are] in reality based on federal law." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005) (instructing that the "arising under" requirement "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law.").

### B. REMOVAL

Removal of civil cases is governed by 28 U.S.C. § 1441 and § 1446. Removal statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). The party seeking removal bears the burden of establishing that removal is proper. See Rosebud Holding L.L.C. v. Burks, 995 F. Supp. 465, 467 (D.N.J. 1998). Furthermore, a defendant may remove an action first brought in state court only if the plaintiff could have filed the complaint within the federal court's original jurisdiction. 28 U.S.C. § 1441(b).

The Third Circuit has explained that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Under 28 U.S.C. 1447(c), remand to state court is appropriate "for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

### C. ANALYSIS

In this case, remand is appropriate because the Court lacks subject matter jurisdiction. A review of the Complaint in the Foreclosure Action indicates that this action is based entirely on New Jersey state law. See Compl., at ¶¶ 1-9, D.E. 3-8. Indeed, the Complaint does not reference any laws, statutes, or regulations that create a cognizable federal claim. See Sears Mortg. Corp. v. Atuahene, 828 F. Supp. 368, 370 (E.D. Pa. 1993) ("Plaintiff's complaint, on its face, presents

5

no questions of federal law. Plaintiff brought this mortgage foreclosure under Pennsylvania law without reference to any federal statute or common law.").

  Remand is further appropriate because the removal petition seeks to re-litigate issues that, it appears, the state court has settled. <u>See</u> <u>Four Keys Leasing & Maint. Corp. v. Simithis</u>, 849 F.2d 770, 774 (2d Cir. 1988) ("We agree . . . that it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation . . . certainly a claim that has been reduced to a final judgment in the state court cannot be made subject to relitigation through removal."). For instance, Defendant seeks to remove because she "was never served with a copy of said Summons and Complaint" in the Foreclosure Action. Notice of Removal, at ¶ 1, Nov. 14, 2014, D.E. 1. However, both the Appellate Division and the New Jersey Supreme Court considered and rejected that argument. <u>See</u> Order on Emergent Motion, Nov. 7, 2014, D.E. 3-15; <u>see also</u> Single Justice Disposition on App. for Emergent Relief, Nov. 10, 2014, D.E. 3-16. Moreover, Plaintiff obtained final judgment in the Foreclosure Action over one year ago. <u>See</u> Am. Final Judgment, Jan. 27, 2014,

D.E. 3-8. Thus, even if subject matter jurisdiction existed, which it does not, [4] it is not clear whether any actual case or controversy would exist before the Court.[5]

Finally, whatever post-judgment eviction proceedings remain are properly before the Superior Court.

IV.     **CONCLUSION**

---

[4] Nor has Defendant established that the Court may exercise diversity jurisdiction. See Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 467 (D.N.J. 2012) (explaining that diversity jurisdiction requires "complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.").

First, Defendant's removal application asserts that jurisdiction is proper under federal question rather than diversity jurisdiction. See Notice of Removal, Nov. 14, 2014, D.E. 1. Second, although it appears that the Foreclosure Action Complaint satisfies the $75,000 amount-in-controversy requirement, see Compl., at ¶¶ 1-2, D.E. 3-8, Defendant has not submitted evidence concerning the parties' complete diversity. It appears that Defendant resides in New Jersey. See Aff. of Service, Apr. 3, 2009, D.E. 3-4; see also Stmt. of Reasons, at 1, Nov. 6, 2014, D.E. 3-14. But while the Complaint alleges that Plaintiff's predecessor-in-interest, Countrywide Home Loan Servicing, L.P., maintained "an office at 7105 Corporate Drive" in Plano, Texas, the Complaint does not specify either Plaintiff's principal place of business, or its state of incorporation. See Compl., at ¶¶ 1-9. Defendant therefore has not satisfied her burden of establishing federal jurisdiction.

[5] Accordingly, the Court need not reach the issue of whether the Rooker-Feldman doctrine applies. Under the Rooker-Feldman doctrine, lower federal courts cannot exercise jurisdiction "over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Lance v. Dennis, 546 U.S. 459, 460 (2006) (internal quotations and citations omitted). The doctrine applies when a federal claim: "(1) was actually litigated in state court prior to the filing of the federal action, or (2) is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Mayercheck v. Judges of Penn. Sup. Ct., 395 F. App'x 839, 842 (3d Cir. 2010) (internal quotations omitted). It may be that the Rooker -Feldman doctrine applies here because Defendant sought to remove the Foreclosure Action four days after the New Jersey Supreme Court affirmed Plaintiff's amended final judgment. See id.; see also Single Justice Disposition on App. for Emergent Relief, Nov. 10, 2014, D.E. 3-16; Notice of Removal, at ¶ 1, Nov. 14, 2014, D.E. 1. See Daniels v. Cynkin, 34 F. Supp. 3d 433, 438 (D.N.J. 2014) ("After a trial court issues a final judgment, a litigant cannot file an endless number of appeals in state court. Plaintiff cannot use his repeated appeals to preclude this Court from applying the Rooker–Feldman doctrine."). Because, however, the Court concludes that there is no federal claim over which to assert jurisdiction, it need not reach this issue.

For the reasons set forth above, the Undersigned respectfully recommends that the Court grant Plaintiff's motion [D.E. 2, 3], and remand this matter to the Superior Court of New Jersey, Chancery Division, Middlesex County.

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

Date: April 6, 2015

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**